UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPORT AND RECOMMENDATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Roy Anderson,

        Plaintiff,

vs.

United States of America,

        Defendant, and Third-
         Party Plaintiff,

vs.

Michael Chad Beaulieu, Joe
Beaulieu, and Michael
Shannon Beaulieu,

        Third-Party Defendants.      Civ. No. 07-2619 (DWF/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.  Introduction

This matter came before the undersigned United States Magistrate Judge

pursuant to a special assignment, made in accordance with the provisions of Title 28

U.S.C. §636(b)(1)(A), upon the Government's Motion for Sanctions against the Third-

Party Defendant Michael Chad Beaulieu ("Chad").  A Hearing on the Motion was conducted on August 7, 2008, at which time, the Government appeared by Lonnie F. Bryan, Assistant United States Attorney.  No appearance was made by, or on behalf of, any other party.

For reasons which follow, we recommend that the Third-Party Defendant Michael Chad Beaulieu be precluded from offering any evidence at Trial, as an appropriate sanction for his refusal to participate in the discovery process, as an appropriate sanction for his violation of the Federal Rules of Civil Procedure, and the Local Rules of this Court, and for his disobedience of our prior Order.

## II.  Factual and Procedural Background

This action arises from a Complaint, which was filed on June 7, 2007, by the Plaintiff Roy Anderson ("Anderson"), which asserts claims under the Federal Tort Claims Act, Title 28 U.S.C. §§2671 et seq., for events which occurred on January 16, 2003, on the Red Lake Indian Reservation.  See, Complaint, Docket No. 1.  On that date, Ernest Smith ("Smith"), and Michael Graves ("Graves"), who are officers with the Red Lake  Police Department, conducted a traffic stop of Chad's vehicle, shortly after 2:00 o'clock a.m., in the driveway of Chad's father, Third-Party Defendant Michael Shannon Beaulieu ("Shannon").  Id. at ¶6.  After discovering an outstanding

Warrant, Smith attempted to effect an arrest, but Chad broke free and fled on foot. Id. at ¶¶7-8. Smith pursued Chad, and a struggle ensued. Id. at ¶9.

While Smith and Chad were struggling, Shannon exited his home and "entered the scuffle." Id. According to the Government's Third-Party Complaint, Third-Party Defendant Joe Beaulieu ("Joe"), who is Chad's brother, also appeared on the scene, and fought with the officers.[1] See, Government's Answer and Third-Party Complaint, Docket No. 8, at p. 7. At some point, Chad and Shannon fled toward a nearby residence, and Smith fired his service weapon. See, Complaint at ¶¶10-11; Government's Answer and Third-Party Complaint, Docket No. 8, at ¶11. Three (3) bullets from Smith's gun entered the nearby residence of Pam Beaulieu. Id. at ¶12. One of those bullets ricocheted, and struck Anderson in the shoulder. Id. Anderson filed suit against the Government, and seeks compensatory damages for his injuries, as well as the costs of his medical care, and his lost wages.

In its Third-Party Complaint, the Government asserts that Anderson's alleged injuries were caused by the superseding or intervening acts of the Beaulieus – namely, their alleged assault on Smith and Graves. See, Government's Answer and Third-

---

[1]We refer to the Third-Party Defendants Michael Chad Beaulieu, Michael Shannon Beaulieu, and Joe Beaulieu, collectively, as the "Beaulieus."

Party Complaint, supra at p. 7.  On November 26, 2007, Chad filed a pro se Answer

to the Third-Party Complaint, in which he "admits to fleeing Police Officer to avoid

arrest," but asserts that he and his father acted only in self-defense.  See, Answer,

Docket No. 11, at ¶2.  He further asserts that Joe did not participate in the altercation,

and he contends that his father, Shannon, came to his defense because of Chad's

history of brain injuries, in 1994, and 1997.  Id. at p. 3.  Accordingly, Chad denies any

responsibility for the conduct of the officers, or for Anderson's alleged injuries.  Id.[2]

On April 8, 2008, the Government filed a Motion to Compel Discovery from

Chad, after Chad failed to respond to its Amended Interrogatories and Requests for

the Production of Documents, which the Government had served on January 28 and

29, 2008.  On April 24, 2008, we conducted a Hearing on the Motion, at which time,

no appearance was made by, or on behalf of Chad.  In addition, Chad failed to submit

any written response to the Government's Motion.  Accordingly, by Order dated April

25, 2008, we granted the Motion to Compel, and we directed Chad to respond to the

Government's discovery requests within two (2) weeks -- i.e., by no later than May

---

[2]By way of additional background, on July 28, 2008, Joe filed a pro se Answer to the Third-Party Complaint, in which he denied any involvement in the altercation, see, Docket No. 53, and, on July 30, 2008, the Government obtained an entry of default against Shannon, from the Clerk of Court.  See, Docket No. 56.

9, 2008. See, <u>Order</u>, <u>Docket No. 37</u>. Lastly, we warned that, "[i]f the Third-Party Defendant Michael Chad Beaulieu disobeys this direction, without substantial justification, the Government may seek the imposition of appropriate sanctions." <u>Id.</u> at 5.

The Government now brings a Motion, pursuant to Rule 37, Federal Rules of Civil Procedure, in which it asks that we preclude Chad from presenting any evidence, including testimony, at the Trial of this matter. See, <u>Government's Motion for Sanctions</u>, <u>Docket No. 47</u>. Chad has not filed any written response to the Motion but, by letter dated July 25, 2008, his grandmother advised that Chad has been hospitalized, since July 17, 2008, in Fargo, North Dakota, due to a head injury. See, <u>Docket No. 52</u>.[3]

## III.  <u>Discussion</u>

<u>The Government's Motion for Sanctions</u>.

A.    <u>Standard of Review</u>.  We begin by noting that Rule 26(b)(1), Federal Rules of Civil Procedure, permits the parties to "obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party," and "[f]or good cause, the court may order discovery of any matter relevant to the subject

---

[3]Anderson has not filed any written response to the Government's Motion.

matter involved in the action."  The Rule further provides that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

As to the Government's request for sanctions, which arise out of Chad's continued failure to participate in discovery, we turn to Rule 37(b), Federal Rules of Civil Procedure, which expressly empowers the Court to impose sanctions in order to preserve justice, as well as the integrity of the judicial process.  The Rule clearly demonstrates that a broad spectrum of sanctions are available to the Court, which permits the Court to tailor the discipline imposed according to the culpability of the discovery abuse.  The goal is to achieve a fair balance between the litigants' right to have claims adjudicated on their merits, and the Court's obligation to assure the just, speedy, and inexpensive resolution of every civil action.  See, Rule 1, Federal Rules of Civil Procedure; Garrison v. International Paper Co., 714 F.2d 757, 760 (8th Cir. 1983); Moore v. St. Louis Music Supply Co., 539 F.2d 1191, 1193 (8th Cir. 1976); Navarro v. Chief of Police, Des Moines, Iowa, 523 F.2d 214, 217 (8th Cir. 1975).

As a consequence, in enforcing its discovery Orders, a Court is obligated to impose sanctions "diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct

in the absence of such a deterrent.'" Roadway Express, Inc. v. Piper, 447 U.S. 752, 763-64 (1980), quoting National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643 (1976); see, In re O'Brien, 351 F.3d 832, 839 (8th Cir. 2003)("Though dismissal under Rule 37 is an admittedly harsh sanction, its application 'is entrusted to the sound discretion of the [trial] court.'"), quoting Avionic Co. v. General Dynamics Corp., 957 F.2d 555, 558 (8th Cir. 1992), citing National Hockey League v. Metropolitan Hockey Club, supra at 643; see also, Gleghorn v. Melton, 195 Fed. Appx. 535, 537 (8th Cir. 2006)("The sanction of dismissal is proper only when there is (1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party."), citing Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000).

As is plain, the Court is afforded broad latitude in imposing Rule 37 sanctions in order to equitably address a wide range of circumstances which, properly, could prompt the need for sanctions. See, Hazen v. Pasley, 768 F.2d 226, 229 (8th Cir. 1985). However, "[t]he court's 'discretion is bounded by the requirement of Rule 37(b)(2) that the sanction be 'just' and relate to the claim at issue in the order to provide discovery.'" Hairston v. Alert Safety Light Products, Inc., 307 F.3d 717, 719

(8th Cir. 2002), quoting Avionic Co. v. General Dynamics Corp., 957 F.2d 555, 558 (8th Cir. 1992).

        B.    Legal Analysis.  Here, it is undisputed that the Government timely served Chad with discovery requests, and that Chad has been provided with two (2) opportunities, and more than six (6) months, to comply with his obligation to respond to relevant discovery.  In addition, counsel for the Government represents that he spoke with two (2) of Chad's family members, in April and May of 2008, and further sent a letter, on May 28, 2008, to advise Chad of his obligation to comply with our previous Order, and to respond to discovery.  See, Government's Motion for Sanctions, supra at 2.  Given the totality of the circumstances, we find that counsel for the Government has attempted to confer in good faith with Chad, with respect to the outstanding discovery and depositions, as required by Local Rule 37.1.

As noted, the only response to the Government's communications, and to its Motion, is a letter from Chad's grandmother, which advises that Chad has been hospitalized, since July 17, 2008 -- which is more than two (2) months after the deadline for complying with our prior Order.  See, Docket No. 52.  Accordingly, there is no question that Chad had notice of our prior Order, and of his obligation to respond to the Government's discovery requests.  As a consequence, we find that sanctions are

warranted, given Chad's failure to comply with his discovery obligations, and given his disobedience to a direct Order of this Court.

The Government correctly notes that one available sanction is to "prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence[.]" Rule 37(b)(2)(A)(ii), Federal Rules of Civil Procedure; see also, Mems v. City of St. Paul, 327 F.3d 771, 780 (8th Cir. 2003)("[T]he district court was well within its discretion in excluding the testimony as a sanction for failure to comply with the rules of discovery."); Sellers v. Mineta, 350 F.3d 706, 711 (8th Cir. 2003)("'The power of the trial court to exclude exhibits and witnesses not disclosed in compliance with its discovery and pretrial orders is essential' to the judge's control over the case."), quoting Boardman v. National Medical Enterprises, 106 F.3d 840, 843 (8th Cir. 1997), quoting in turn Admiral Theatre Corp. v. Douglas Theatre Co., 585 F.2d 877, 897-98 (8th Cir. 1978); Egan v. University of Nebraska, 205 F.3d 1345, 2000 WL 58314 at *1 (8th Cir. 2000)[Table Disposition](affirming District Court Order, which "sanctioned [the plaintiff] for failing to make material discovery disclosures by precluding him from offering evidence regarding his status as a qualified individual with a disability" relating to his claim under the Americans with Disabilities Act); compare, Wegener v. Johnson, 527

F.3d 687, 692 (8th Cir. 2008)("[T]he exclusion of evidence is a harsh penalty and should be used sparingly[.]"), quoting <u>ELCA Enters. v. Sisco Equip. Rental & Sales</u>, 53 F.3d 186, 190 (8th Cir. 1995).  We find that sanction to be appropriate here.

As we have noted, the deadline for discovery expired on August 1, 2008, without the Government having obtained any discovery responses from Chad. Although Chad's grandmother asserts that he is **currently** incapacitated, his time to respond to the Government's discovery expired long before he is alleged to have been hospitalized.[4]  Given these circumstances, Chad has been in direct violation of our prior Order for more than four (4) months, and his misconduct has handicapped the Government's ability to defend itself against Anderson's claims.

Moreover, notwithstanding his recent hospitalization, as represented by his grandmother, we find no basis to conclude that Chad has any excuse, cause, or justification, for his failure to respond to discovery, for over a period of more than six (6) months.  Although we acknowledge that Chad is proceeding <u>pro se</u> in this matter,

---

[4]We would have preferred that Chad, or his family members, had elected to submit a clinical notation from one of Chad's treating physicians to inform the Court as to his medical condition.  Although we have no reason to doubt that Chad has been hospitalized, as his grandmother represents, we have no means of determining what, precisely, that means in terms of his ability to currently respond to the Government's discovery requests, or its Motion for Sanctions.

"pro se status [does] not entitle him to disregard the Federal Rules of Civil Procedure[.]"  Bennett v. Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002), quoting Carman v. Treat, 7 F.3d 1379, 1381 (8th Cir. 1993); see also, Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996).  We could accept a challenge to the propriety of the specific discovery the Government has served, a request to the Court for protection from discovery which, for reasons not now apparent, was somehow unduly burdensome or oppressive, or a good faith effort to respond to discovery -- even if the effort was admittedly less than complete, or technically untimely.  Here, however, Chad has made no attempt to respond to the Government's discovery, nor has he offered any explanation for his refusal to participate in this action, even at the time of the Government's Motion to Compel, and notwithstanding our prior Order which directed him to respond to the Government's discovery.

We are confronted with the direct disobedience of this Court's Order, which was without excuse, justification, or defense.  If parties were free to ignore, or disregard, the lawful Orders of the Court, the judicial processes would be substantially undermined, and faith in the Court's ability to pursue justice would be compromised. We conclude that, in this instance, any lesser sanction, such as an award of costs for

the Motion, would be insufficient to persuade Chad to participate in this action, and abide by the Rules that govern all litigants, given that our previous Order had no perceivable effect on Chad's deliberate decision to ignore his obligation to respond to discovery, or to otherwise participate in this action. Indeed, the Record reveals no attempt, by Chad, to cooperate with the Government's attempts at discovery.

We are not aware of any authority which would require the Court to plead, persuade, or cajole a party, into participating in litigation, in order to present his alleged defenses. Moreover, we are struck by the inequity that arises when the discovery period, in this action, closed on August 1, 2008, without Chad having responded to any of the Government's discovery and, insofar as the Court's file would reflect, without undertaking any discovery on his own behalf. This is not simply an excusable, marginal failure to meet a discovery deadline. See, Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998); Ackra Direct Mktg. Corp. v. Fingerhut Corp., supra at 856; United States on Behalf of and for the Use of Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993). Chad has clearly evinced an unyielding disinterest in asserting his defenses against the Government, and he should not be permitted to offer evidence, whether by exhibits or testimony, in order to assert those defenses at Trial, without ever having previously

disclosed that evidence to the Government.  Any other result would be wholly inequitable.

Accordingly, we recommend that Chad be precluded from offering any evidence at Trial, as a sanction for his willful disobedience of our prior Order, and for his deliberate decision to ignore the Government's requests for discovery.

NOW, THEREFORE, It is --

RECOMMENDED:

1.     That the Motion of the Government for Sanctions [Docket No. 47] be granted.

2.     That the Third-Party Defendant Michael Chad Beaulieu be precluded from offering any evidence at Trial, as a sanction for his misconduct.

Dated:  August 20, 2008                    _s/Raymond L. Erickson_____
                                           Raymond L. Erickson
                                           CHIEF U.S. MAGISTRATE JUDGE

- 13 -

NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than September 8, 2008,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than September 8, 2008,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.